# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH MURRIETTA-GOLDING, deceased though his successor in interest Christina Lopez, and CHRISTINA LOPEZ,<br><br>Plaintiffs<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>Defendants | CASE No. 1:18-CV-0314 AWI SKO<br><br>ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED AND MERGED INTO A SINGLE CASE |

On April 19, 2018, this matter was related to *Murrietta-Golding v. Jerry Dyer*, 1:18-CV-0332 AWI SKO ("Dyer Case").

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent consolidation is appropriate. See Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855-56 (9th Cir. 2016); Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); Single Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." J.G. Link & Co. v. Continental Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972); see also Schnabel v. Lui, 302 F.3d 1023, 1034-35 (9th Cir. 2002).

Here, this case and the Dyer Case are extremely similar. Both cases involve the death of Isiah Murrietta-Golding during an interaction with City of Fresno Police Officer Villalvazo. In both cases, the City of Fresno, Fresno Police Chief Jerry Dyer, and Officer Villalvazo are the named defendants. Furthermore, the complaints in both cases are 22 pages and are materially identical. The key differences between the two cases appear to be the attorneys involved and the plaintiffs. In this case, the plaintiff is the decedent's mother, both individually and as a successor in interest. In the Dyer case, the plaintiff is the decedent's father, both individually and as successor in interest. Given the similarity between these cases, it appears that consolidating and merging these cases into one case for all purposes may be appropriate. Cf. Davis v. Roane Cnty., 2014 U.S. Dist. LEXIS 164309 *6-*7 (E.D. Tenn. Nov. 21, 2014); Intertex, Inc. v. Dri-Eaz Prods., 2013 U.S. Dist. LEXIS 82917, *9-*11 (W.D. Wash. June 11, 2013); Bejarano v. Allison, 2011 U.S. Dist.LEXIS 96459, *2-*3 (E.D. Cal. Apr. 29, 2011).

Before the Court makes any decisions or issues any orders with respect to consolidation, it is appropriate to hear from the parties. Therefore, the Court will allow the parties to show cause why this case and the Fresno Case should not be consolidated and merged into one case for all purposes.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, within 10 days of service of this order, the parties may show cause in writing why this case should not be consolidated and merged into one case with *Murrietta-Golding v. Jerry Dyer*, 1:18-CV-0332 AWI SKO.

IT IS SO ORDERED.

Dated: April 20, 2018  
                                            SENIOR DISTRICT JUDGE