UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH MURRIETTA-GOLDING, deceased though his successor in interest Anthony Golding, and ANTHONY GOLDING,<br><br>Plaintiffs<br><br>v.<br><br>JERRY DYER, et al.,<br><br>Defendants | CASE No. 1:18-CV-0332 AWI SKO<br><br>ORDER CONSOLIDATING AND MERGING MATTER INTO CASE NO. 18-CV-0314 AWI SKO |

On April 19, 2018, this matter was related to *Murrietta-Golding v. City of Fresno*, 1:18-CV-0314 AWI SKO ("Fresno Case") and reassigned to the undersigned.

On April 20, 2018, the parties were ordered to show cause why this case should not be consolidated and merged into a single case, along with the Fresno Case. See Doc. No. 9. An order to show cause was also issued in the Fresno Case. See Doc. No. 10 in Fresno Case. In this case, no party responded. In the Fresno Case, the Plaintiffs responded that they were in agreement that the cases should be consolidated and merged. See Doc. No. 15 in Fresno Case.

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent

consolidation is appropriate.  See Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855-56 (9th Cir. 2016); Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989).  In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause."  Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); Single Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).  "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties."  J.G. Link & Co. v. Continental Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972); see also Schnabel v. Lui, 302 F.3d 1023, 1034-35 (9th Cir. 2002).

Here, this case and the Fresno Case are extremely similar as they both involve the death of Isiah Murrietta-Golding during an interaction with City of Fresno Police Officer Villalvazo.  Consolidating these related cases would conserve judicial resources and there is no apparent inconvenience, delay, or expense that would result from consolidation.  In the absence of an opposition, there is no good reason not to consolidate these actions for all purposes.  Under these circumstances, consolidating and merging these cases for all purposes into one case would be efficient.  See Davis v. Roane Cnty., 2014 U.S. Dist. LEXIS 164309 *6-*7 (E.D. Tenn. Nov. 21, 2014); Intertex, Inc. v. Dri-Eaz Prods., 2013 U.S. Dist. LEXIS 82917, *9-*11 (W.D. Wash. June 11, 2013); Bejarano v. Allison, 2011 U.S. Dist.LEXIS 96459, *2-*3 (E.D. Cal. Apr. 29, 2011).  Therefore, the Court will consolidate and merge this case and the Fresno Case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall consolidate *Murrietta-Golding v. City of Fresno*, 1:18-CV-0314 AWI SKO with *Murrietta-Golding v. Dyer,* 1:18-CV-0332 AWI SKO for all purposes;
2. All future filings and correspondences shall use case number 1:18-CV-0314 AWI SKO;
3. The Clerk shall move Doc. Nos. 1, 2, 6, 8, and 9 from the docket of 1:18-CV-0332 AWI SKO over to the docket of 1:18-CV-0314 AWI SKO;

4. The Clerk shall administratively close *Murrietta-Golding v. Dyer,* 1:18-CV-0332 AWI SKO;[1] and

5. The Clerk shall file a copy of this order in Case No. 1: 18-CV-0314 AWI SLO.

IT IS SO ORDERED.

Dated: June 5, 2018    _____
                                    SENIOR DISTRICT JUDGE

---

[1] The Court notes that administratively closing this case has no impact whatsoever on the merits.