# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH MURRIETTA-GOLDING, et al., | Case No. 1:18-cv-00314-AWI-SKO |
| Plaintiffs, | Consolidated with case no. 1:18-cv-00332-AWI-SKO |
| v. | |
| CITY OF FRESNO, et al., | **ORDER DENYING PARTIES' REQUEST TO MODIFY MODEL PROTECTIVE ORDER AND DIRECTING PARTIES TO MEET AND CONFER REGARDING PROTECTIVE ORDER** |
| Defendants. | |

On August 20, 2018, the parties appeared telephonically for a conference to resolve certain discovery issues related to the parties' proposed protective order. Julia Sherwin, Esq., appeared on behalf of Plaintiff Christina Lopez; Stuart Chandler, Esq., appeared on behalf of Plaintiff Anthony Golding; and Bruce Praet, Esq., appeared on behalf of Defendants.

After reviewing the parties' submission and hearing the parties' arguments, the Court makes the following findings and orders:

**1. Modification of Section 3 of the Protective Order.**

The parties provided competing language for modifying Section 3 of the model protective order from the United States District Court for the Northern District of California (the "Model Protective Order"). According to the parties, the modification was necessary because Section 3 as currently written, is "inconsistent" with Section 5.2 of the Model Protective Order. Specifically, the parties contend the failure to designate information as "Protected Material" before the close of a deposition in accordance with Section 5.2(b), creates uncertainty in the minds of the parties. However, the Court finds the Model Protective Order adequately addresses the parties' perceived uncertainty and declines to adopt either party's proposed modification to Section 3 of the Model Protective Order.

"A protective order should be read in a reasonable and common sense manner so that its prohibitions are connected to its purpose." *On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997) (citing *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). "The purpose of a protective order under Rule 26(c) is to protect a party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *Barnett v. Norman*, No. 1:05–cv–01022–SKO, 2010 WL 3220122, at *1 (E.D. Cal. Aug. 10, 2010) (quoting Rule 26(c) of the Federal Rules of Civil Procedure).

As discussed with the parties, the Model Protective Order anticipates the parties' concern regarding uncertainty. Specifically, regardless of whether information is designated as "Protected Material" during a deposition in accordance with Section 5.2 and even if a party is uncertain whether deposition testimony summarizes, compiles, or otherwise might reveal "Protected Material" pursuant to Section 3, Section 5.3 of the Model Protective Order provides that the inadvertent failure to designate information as confidential during a deposition does not waive the right to timely correct that failure. Moreover, to the extent a party believes the designation of "Protected Material" is untimely or they will be unfairly prejudiced by the designation, Section 6 provides the procedure by which the designation can be challenged. Accordingly, consistent with a reasonable and commonsense reading of the Model Protective Order, the Court finds no ambiguity or inconsistency in the Model Protective Order and declines to add unnecessary provisions to the Northern District of California's established and reliable Model Protective Order. The parties' request is, therefore, DENIED.

**2. Definition of "Confidential Information or Items"**

The parties also seek what amounts to an advisory opinion regarding the scope of the parties' agreed-upon definition of "Confidential Information or Items." As discussed with the parties, this issue is not ripe for the Court's adjudication because there is not a specific document or information before the Court, from which the Court could determine whether it falls within (or outside) the parties' definition of "Confidential Information or Items." Moreover, the parties' proposed definition of "Confidential Information or Items" lacks specificity and fails to comply with Rule 141.1 of the Local Rules of the United States District Court for the Eastern District of California

("Local Rule 141.1").

In the Eastern District, protective orders must contain a "description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." Local Rule 141.1(c). The Court advised the parties that their proposed definition of "Confidential Information or Items," which covers "records and information of foundational facts and investigation of the subject incident(s)," does not adequately "reveal the nature of the information" that the parties intend to be covered by their protective order, as required by Local Rule 141.1. Accordingly, the parties are ORDERED to meet and confer regarding the definition of "Confidential Information or Items" in order to propose to the Court a protective order that complies with Local Rule 141.1.

IT IS SO ORDERED.

Dated:     **August 21, 2018**                              /s/ *Sheila K. Oberto*                       
                                                                                    UNITED STATES MAGISTRATE JUDGE