Mildred K. O'Linn (State Bar No. 159055)
  *mko@manningllp.com*
Tony M. Sain (State Bar No. 251626)
  *tms@manningllp.com*
Lynn L. Carpenter (State Bar No. 310001)
  *llc@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants,
CITY OF FRESNO, JERRY DYER AND
RAY VILLALVAZO

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISIAH MURRIETTA-GOLDING, deceased through his successor in interest Anthony Golding, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a public entity, JERRY DYER, RAY VILLALVAZO, and DOES 1 through 10, Individually, Jointly and Severally,<br><br>Defendants. | Case No. 1;18-cv-00314-AWI SKO<br><br>[*Anthony W. Ishii, District Judge; Sheila K. Oberto, Magistrate Judge*]<br><br>DEFENDANT CITY OF FRESNO'S OPPOSITION TO PLAINTIFF CHRISTINA LOPEZ' MOTION FOR PROTECTIVE ORDER<br><br>[Declaration of Lynn Carpenter Filed Concurrently]<br><br>Hearing Date:   TBD<br>Trial Date:   10/27/2020 |

Defendant CITY OF FRESNO hereby submits the following opposition to Plaintiff CHRISTINA LOPEZ' Motion for Protective Order.

/ / /

# TABLE OF CONTENTS

Page

1. INTRODUCTION .................................................................................................. 5
2. DEFENDANT'S SPECIFIC REQUESTS IN ITS PETITION TO THE JUVENILE COURT ............................................................................................. 6
3. FACTUAL SUMMARY ........................................................................................ 7
4. LEGAL ARGUMENT ........................................................................................... 9
   A. Authority Governing Disclosure. ............................................................... 9
   B. The Juvenile Court Should Decide Disclosure of Israel Murrietta's Juvenile Records. ...................................................................................... 11
   C. The Juvenile Court Records Requested are Substantially Relevant As Impeachment Material and to Rebut Plaintiffs' Experts. ..................................................................................................... 12
   D. A Balancing of the Interests Weighs in Favor of Disclosure. ................. 13
   E. Defendant's Petition/Request Constitutes Permissible Pretrial Investigation. ............................................................................................. 14
5. PLAINTIFF'S EX PARTE REQUEST TO SHORTEN TIME LACKS THE REQUIRED GOOD CAUSE. ..................................................................... 15
6. CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*A.G. 1 v. City of Fresno*, 2018 U.S. Dist. LEXIS 194337 (E.D. Cal. 2018) ....... 14, 15

*Board of Regents, etc. v. Tomanio*, 446 U.S. 478 (1980) .......................................... 10

*Boyd v. City & County of San Francisco*, 576 F.3d 938 (9th Cir. 2009) .................. 12

*Estate of Maldonado v. Sec'y of the Cal. Dep't of Cor. & Rehab.*, 2007 U.S. Dist. LEXIS 91084 (E.D. Cal. 2007); ............................................................... 10

*Little v. City of Seattle*, 863 F. 3d 681 (9th Cir. 1988) ............................................. 10

*Puritan Inv. Corp. v. ASLL Corp.*, 1997 U.S. Dist. LEXIS 19559 (E.D. Pa. 1997) ................................................................................................................ 11

*Rice v. United States*, 164 F.R.D. 556 (N.D. Okla. 1995) ................................. 11, 14

*United States v. Johnson*, 542 F.2d 230 (5th Cir. 1976) .......................................... 12

*Van Horn v. Hornbeak*, 2010 U.S. Dist. LEXIS 147669 (E.D. Cal. 2010) ............... 10

**STATE CASES**

*In re Anthony H*, 129 Cal.App.4th 495 (2005) .................................................. 10, 11

*In re B.F.*, 190 Cal.App. 4th 811 (2010) ..................................................................... 9

*In re Elijah S.*, 125 Cal.App.4th 1532 (2005) ....................................................... 9, 13

*In re Keisha T.*, 38 Cal.App.4th 220 (1995) ............................................................... 9

*In re R.G.*, 79 Cal.App.4th 1408 (2000) .................................................................... 9

*People v. Superior Court*, 107 Cal.App.4th 488 (2003) .......................................... 10

*R.S. v. Superior Court,* 172 Cal.App.4th 1049 (2009) ......................................... 9, 14

**STATUTES**

Cal. R. Ct. 5.552 ....................................................................................................... 10

Cal. R. Ct. 5.552(e) .................................................................................................... 9

Cal. Welf. & Inst. Code § 827 ................................................................................. 10

Cal. Welf. & Inst. Code § 827(a)(1)(A)-(P) ................................................................... 9
Cal. Welf. & Inst. Code § 827(a)(1)(B) – (C) ............................................................... 6
Cal. Welf. & Inst. Code § 827(a)(1)(Q) ................................................................. 9, 11
Cal. Welf. & Inst. Code § 827(a)(2) .......................................................................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff Christina Lopez has filed a Motion for Protective Order ("MPO") regarding defendant City of Fresno's Petition to the Fresno Superior Court – Juvenile Delinquency Division for juvenile case records of Israel Murrietta related to the April 14, 2017, murder of victim Eugenio Ybarra, and the guilty plea he subsequently entered to related manslaughter charges. Israel Murrietta, who has since reached majority, is currently incarcerated by the California Youth Authority. [Pl. Lopez' MPO, ECF No. 66 at p. 4:21-22.] During juvenile court proceedings, Israel Murrietta is alleged to have made exculpatory statements, placing the blame for the shooting related death of Eugenio Ybarra on his brother, Isiah Murrietta-Golding. Plaintiff ANTHONY GOLDING has listed Israel Murrietta as a <u>trial witness</u> on the topics of liability and damages in his Initial Rule 26 Disclosures served to defendants on July 9, 2018. [Carpenter Decl., Ex. B, Pl. Golding's Int'l Rule 26 Discl.] Consequently, it is anticipated that Israel Murrietta will offer testimony at the time of trial, the nature of which is expected to support liability and damages, according to the designation in plaintiff Golding's disclosures. Thus, defendant was within its rights to file its petition with the Juvenile Delinquency Court as part of its pretrial investigation.

Second, defendant City did not use any of the formal discovery procedures under the Federal Rules of Civil Procedure, such as the issuance of a Rule 45 subpoena, in making its petition to the Juvenile Delinquency Court. However, even if it had, the deadline for completion of Expert Discovery in this matter is not until July 8, 2020, and defendant filed its petition on June 2, 2020, and related motion on point June 12, 2020, well in advance of this deadline. To the extent that transcripts of Israel's plea proceedings are expected to contain testimony/statements related to the precipitating murder of Eugenio Ybarra, and to the extent that Israel made statements casting the blame for such murder on his brother Isiah, these statements bear directly on the totality of circumstances known of Sgt. Villalvazo at the time of shooting, including the

reasonableness of his belief that Isiah was armed with the handgun and his opinion that Isiah's actions pre-shooting constituted an objective threat. Plaintiffs' retained experts William Harmening and John Ryan have both opined that it was not objectively reasonable for defendant Sergeant Ray Villalvazo to believe that Isiah was armed and therefore posed an objective threat to the Officer or others at the time of the shooting. [*See* Carpenter Decl., Ex. C, Harmening Rule 26 Report, p. 13-14; Ryan Rule 26 Report, p. 71-73.] Thus, defendants' petition is timely and permissible to the extent that it seeks testimony/information to rebut the opinions of plaintiffs' experts that Sgt. Villalvazo somehow misapprehended the nature and extent of the threat caused by Isiah's actions.

Third, plaintiff Lopez does not have standing to assert the privacy rights of her son Israel Murrietta concerning the records contained in his juvenile case file, as Israel is now an adult. Further, to the extent that the disclosure of records related to Israel's plea proceedings for the underlying murder implicate the privacy rights of his brother Isiah Murrietta, California Welfare and Institutions Code § 827(a)(1)(B) – (C) provides for "a presumption in favor of release of documents when a child is deceased…[i]f a child whose records are sought has died, and documents are sought pursuant to this paragraph, no weighing or balancing of the interests of those other than a child is permitted." Cal. Welf. & Inst. Code § 827(a)(1)(B) – (C).

## 2. DEFENDANT'S SPECIFIC REQUESTS IN ITS PETITION TO THE JUVENILE COURT

In her MPO, plaintiff Lopez mischaracterizes the nature of defendant City's requests in its petition and subsequent motion-request to Fresno Superior Court – Juvenile Delinquency Division. As a point of clarification, defendant City has made a narrow request in its petition [*See* Carpenter Decl., Ex. A, JV-570] and in its motion-request, which follows [Carpenter Decl., Ex. A, Request to Juvenile Court]:

1. All records in Israel Murrietta's juvenile case file that were submitted or admitted as evidence in any criminal and/or delinquency proceeding before the Juvenile

Delinquency Court, including but not limited to any and all transcripts of proceedings (written, audio, or otherwise), exhibits such as delinquency case file documents, plea colloquy and/or other plea forms, judgment and sentencing information, and/or other comparable records related to juvenile proceedings. **Specifically, petitioner is requesting transcripts of proceedings and other records related to the April 14, 2017, murder of victim Eugenio Ybarra, and the plea entered by Israel Murrietta to the related charges** [emphasis added.]

2.   All records in Israel Murrietta's juvenile case file that record any rulings of the court made in relation to any criminal and/or delinquency proceeding before the Juvenile Delinquency Court, including but not limited to any and all court orders, judgments, case dispositions, or comparable rulings.

In contravention to plaintiff's assertions in her MPO, defendant's requests are specifically focused on Israel's plea proceedings and any criminal judgments recorded against him in his juvenile case file record, which are both legitimate topics for impeachment material.

## 3. FACTUAL SUMMARY

The federal civil case arises from an April 15, 2017, officer-involved shooting involving Isiah Murrietta and Sgt. Ray Villalvazo, a detective-sergeant of the Fresno Police Department ("FPD"). Although the precise moment of this officer-involved shooting was captured on a surveillance video, precipitating events began at about 12:50 p.m. on the afternoon of April 14, 2017, when a local "tagger", Eugenio Ybarra (hereafter "Ybarra") was murdered in a drive-by shooting in the City of Fresno. During the course of the ensuing murder investigation led by Fresno Police Department, eyewitnesses positively identified two local "Calwa Bulldog" gang members, Israel Murrietta (hereafter "Israel") and his younger brother, Isiah Murrietta (hereafter "Isiah") as being responsible for the murder of Ybarra. Israel later entered a guilty plea to criminal/juvenile charges related to the murder of Ybarra. During the juvenile proceedings, the murder victim's father, Eugene Ybarra, was present in Court. Mr.

Ybarra indicated during a subsequent news interview that Israel stated in Court that his brother (Isiah) was the one who shot at Eugenio Ybarra's car. The alleged statements are substantially relevant to the central issues of the civil case: whether or not there was probable cause that Isiah had committed murder and was attempting to evade the police; and whether or not it was objectively reasonable for the FPD shooting officer to believe Isiah was armed with a handgun and therefore posed an immediate deadly threat to himself and others right before the shooting.

Plaintiff has alleged in her Complaint that the decedent "never threatened any officer or person, nor did he ever display any weapon or make any threatening gestures. Defendant… and other officers pursuing Isiah had no objective facts. . . to believe that Isiah was armed or any threat to them… Defendant['s] subjective fear was not objectively reasonable, because he had no objective facts to believe that Isiah was armed or reaching for any weapon." [Carpenter Decl., Ex. D, Pltf. Lopez' Compl. at 7:8-11; 8:4-7.] Plaintiff alleged in her MPO that key FPD Officers admitted they did not have probable cause to arrest either brother at the time of the shooting [ECF No. 66 at p. 5:13-14], even though the following FPD Officers testified in stark contrast to this assertion, i.e. that both brothers were murder suspects and that there was probable cause to arrest them. [*See* Carpenter Decl., Ex. E:Det. Mark Yee Dep. 32:12-33:16; Ofcr. Jarit Gueringer Dep. 10:6-13:8; Ofcr. John DeLuca Dep. 14:21-15:22; Sgt. Ray Villalvazo Dep. 66:7-67:18; Ofcr. Frederick Williams Dep. 18:17- 25.] Along the same lines, plaintiffs' retained police practices experts, William Harmening and John Ryan, have both opined that Sgt. Villalvazo's belief that Isiah was armed and therefore posed an objective threat to the Officer or others was not objectively reasonable under the circumstances. [Ex. C, Harmening Rule 26 Report, p. 13-14; Ryan Rule 26 Report, p. 71-73.] Thus, the nature and scope of defendant's requests in the petition are directly relevant to the allegations of plaintiff in her Complaint, and, more importantly, to rebut the opinions of plaintiffs' experts in their Rule 26 expert reports.

Moreover, Israel Murrietta is listed as a trial witness on the topics of liability and

damages, and it is anticipated he will offer testimony regarding such at the time of trial [Ex. B, p. 3.] Thus, any statements that he made along those lines during plea proceedings constitute important impeachment material for trial purposes.

## 4. LEGAL ARGUMENT

### A. Authority Governing Disclosure.

The release or disclosure of juvenile case file materials is within the discretion of the juvenile court, and such records may be obtained "by [a]ny other person who may be designated by court order of the judge of the juvenile court upon filing of a petition. *See* Cal. Welf. & Inst. Code § 827(a)(1)(Q). This includes a request for records to be used in a civil action where the minor (or former minor) at issue is not a party. *See In re Elijah S.*, 125 Cal.App.4th 1532, 1542 (2005); *In re Keisha T.,* 38 Cal.App.4th 220, 232-234 (1995) (holding that portions of juvenile records may be disclosed in connection with civil proceedings independent of the dependency or delinquency proceedings even if the minor is not a party to such proceedings).

The petitioner must demonstrate good cause for disclosure of the juvenile case file records sought in order to prevail on the petition. Cal. R. Ct. 5.552(e). In order to establish good cause, the petitioner must prove by a preponderance of the evidence "that the records requested are necessary and have substantial relevance to the legitimate need of the petitioner." *See In re B.F.,* 190 Cal.App. 4th 811, 818 (2010); *In re R.G.*, 79 Cal.App.4th 1408, 1417 (2000) (finding good cause for disclosure of the juvenile case file records of a non-party where the petitioner school district sought information about a teacher's prior sexual misconduct so as to fulfill its duty to keep its students safe). In determining whether to order the disclosure of juvenile case file records, the juvenile court must "balance the interests of the child and other parties to the juvenile proceedings, the interests of the petitioner, and the interests of the public." *See R.S. v. Superior Court,* 172 Cal.App.4th 1049, 1054 (2009); *In re Elijah S*, 125 Cal.App. 4th at p. 1542.

Under California law, Welf. & Inst. Code § 827(a)(1)(A)-(P) establishes the

categories of persons who may inspect juvenile records without a court order; and Cal. R. Ct. 5.552 sets forth the procedures for obtaining confidential juvenile records under Cal.Welf. & Inst. Code § 827.  Under this statutory scheme, the juvenile court is vested with exclusive authority to determine the release of records to anyone beyond the persons designated by statute and reflects the intent of the Legislature regarding the assessment and disposition of such records. *People v. Superior Court*, 107 Cal.App.4th 488, 491 (2003); *see also In re Anthony H*, 129 Cal.App.4th 495 (2005) (holding that a juvenile judge could not delegate to federal judge its exclusive authority to determine disclosure of juvenile court records, and that the federal judge's decision to decline authority resulted in matter of disclosure being undecided on the merits).

The District Court generally has considerable latitude and discretion with regard to the control of discovery.  *Little v. City of Seattle*, 863 F. 3d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.")  However, federal courts can and do look to state courts for guidance in lawsuits filed under 42 U.S.C. § 1983.  Toward this end, the Supreme Court has stated,

> In 42 U.S.C. § 1988, Congress 'quite clearly instructs [federal courts] to refer to state statutes' when federal law provides no rule of decision for actions brought under § 1983… By its terms, § 1988 authorizes federal courts to disregard an otherwise applicable state rule of law only if the state law is 'inconsistent with the Constitution and laws of the United States.'

*Board of Regents, etc. v. Tomanio*, 446 U.S. 478, 484-85 (1980).  Moreover, Courts in this District have looked to state law and held that Welf. & Inst. Code § 827 would <u>not</u> prevent disclosure of relevant material in the federal case. *See Estate of Maldonado v. Sec'y of the Cal. Dep't of Cor. & Rehab.*, 2007 U.S. Dist. LEXIS91084, *18 (E.D. Cal. 2007); *Van Horn v. Hornbeak*, 2010 U.S. Dist. LEXIS 147669, *11-13 (E.D. Cal. 2010).

Although a Rule 45 subpoena is the appropriate mechanism by which to obtain a document from a non-party during discovery, a party can issue a trial subpoena to obtain documents to be used at trial after discovery has closed.  *See Puritan Inv. Corp.*

*v. ASLL Corp.*, 1997 U.S. Dist. LEXIS 19559, *1 (E.D. Pa. 1997) (holding trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation).  The law "assumes that parties will continue their investigation for impeachment materials in preparation for trial." *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995).

### B.  The Juvenile Court Should Decide Disclosure of Israel Murrietta's Juvenile Records.

Plaintiff's motion for protective order seeks to prevent the disclosure of Israel Murrietta's juvenile delinquency court records.  Plaintiff's request to this Court is improper, considering only the juvenile court is authorized under statute [Welf. & Inst. Code § 827] to determine whether the records requested are substantially relevant to the needs of the petitioner so as to warrant their disclosure.  *See* Cal. Welf. & Inst. Code §827(a)(1)(Q); *In re Anthony H.*, 129 Cal. App. 4th at 502 (explaining that only the juvenile court has both the sensitivity and expertise to make decisions about access to juvenile records and that Welf. & Inst. Code §827(a)(1)(O) gives the juvenile court exclusive authority over the release of juvenile records).

In the instant matter, defendant followed the requirements of Welf. & Inst. Code § 827 in the filing of its petition and request to the Fresno Juvenile Delinquency Court.  [Carpenter Decl. ¶ 2, Ex. A.]  Although the District Court has wide discretion to determine discovery matters, defendant's request was not made pursuant to a Rule 45 subpoena, a Rule 37 motion to compel, or any of the other formal discovery procedures pursuant to the Federal Rules of Civil Procedure.  Defendant has gone through the appropriate process to obtain Israel's juvenile delinquency records, and plaintiff's position as to the release of Israel's records is better suited as an objection to the request in juvenile court, and not as a federal court civil discovery dispute.  Thus, plaintiff's argument that defendant's petition is an untimely discovery request is unavailing and should be disregarded when the Court considers permitting the use of any disclosed records during trial for the limited purposes of rebuttal to plaintiffs' expert witness

testimony and use as impeachment evidence.

### C. The Juvenile Court Records Requested are Substantially Relevant As Impeachment Material and to Rebut Plaintiffs' Experts.

Plaintiff's argument that the information defendant seeks is not relevant because Israel is not a party to the action is unconvincing, considering Israel was admittedly involved in the shooting that lead to the events that are subject to this civil lawsuit. Defendant's request to the juvenile court specifically seeks documents that are narrowly-tailored to the needs of this case, namely: **transcripts of proceedings and other records related to the April 14, 2017, murder of victim Eugenio Ybarra, and the plea entered by Israel Murrietta to the related charges.** [Carpenter Decl., Ex. A.] As plaintiff Golding has listed Israel as a trial witness on liability and damages, defendant's request was narrowly-tailored to include potential impeachment material for trial purposes. Defendant has the right to prepare a defense against Israel's anticipated testimony regarding liability and damages, including conducting further investigation gathering information that could expose credibility issues.

Additionally, the request was also drafted to include documents/information to rebut the opinions of plaintiffs' retained police practices experts contained in their Rule 26 reports: that Sgt. Villalvazo's threat assessment, his belief that Isiah Murrietta was armed, and his decision to use force, were not objectively reasonable, which both experts have opined. This type of information, even if unavailable to the officer at the time of the shooting, can be considered in a civil rights case if it shows a motive, intent, or plan during the incident that was the product or result of acts that happened before the incident. *See Boyd v. City & County of San Francisco*, 576 F.3d 938, 941-42 (9th Cir. 2009); *see also United States v. Johnson*, 542 F.2d 230, 234 (5th Cir. 1976) (affirming admission of a suspect's prior convictions and pending arrest warrant as evidence of motive for his evasion and resistance). Accordingly, any statements that point to Isiah's involvement in and culpability for the shooting murder of Eugenio Ybarra, which happened the day before the incident, make it more likely that he acted

in the objectively threatening manner perceived by Sgt. Villalvazo during the incident, and are thus substantially relevant and admissible as material to rebut the opinions of plaintiffs' experts on these issues.

Thus, not only should the Court defer to the juvenile court regarding whether this information should be disclosed, but the Court should allow defendants to use of any disclosed materials at trial for the limited purposes of rebutting plaintiffs' expert witness testimony and for impeachment.

### D. A Balancing of the Interests Weighs in Favor of Disclosure.

Plaintiff's vague assertion that the disclosure of Israel's juvenile records will violate his privacy rights or that of his mother, grandparents, or minor siblings is speculative and unsupported. Despite plaintiff's assertion that defendant has made a blanket request for Israel's entire case file, defendant specifically narrowed the requests in the petition to request records and material from Israel's criminal plea proceedings and any criminal judgments entered against him. [*See* Carpenter Decl., Ex. A.] Israel's plea proceedings for the murder of Eugenio Ybarra, to the extent that they implicate his brother Isiah, bear directly on Plaintiff's claims in this action, and contain potential impeachment material and/or rebut the opinions of plaintiffs' experts for trial purposes.

To the extent these records contain any information which would implicate the confidentiality of Israel's juvenile misconduct records, plaintiff acknowledges that he has entered a guilty plea and been sentenced for his involvement in the murder. Defendant is only requesting transcripts and other records of proceedings that are believed to be directly relevant to or contain Israel's incriminating statements about his brother. To the extent the records implicate the confidentiality rights of his brother Isiah, he is deceased, and there is a presumption that a deceased person's juvenile case file records will be disclosed upon petition. *See* Cal. Welf. & Inst. Code § 827(a)(2); *In re Elijah S*, 125 Cal.App.4th at 1543. Plaintiff has made no showing as to exactly how Israel's privacy rights or that of his third-party family members will be implicated if defendant's petition is granted, apart from making this generic claim. Additionally,

Plaintiff Lopez cannot assert Israel's rights on his behalf, as Israel is an adult and can assert his own rights.

If, as alleged by the father of murder victim Eugenio Ybarra, Israel actually made the statements blaming his brother Isiah for Eugenio's death, the public interest in identifying all persons responsible for his untimely murder, and the interests of defendant in having access to potential impeachment material and expert rebuttal material for trial cannot be overstated. Where Plaintiff has alleged federal civil rights violations against the City and Sgt. Villalvazo for the death of Isiah Murrietta, any information or evidence that implicates him for the murder of Eugenio Ybarra, for which he was a wanted murder suspect and under investigation at the time at the time of the shooting incident subject to this lawsuit, directly implicates defendants' right to a fair trial and ability to conduct a meaningful defense.

### E. Defendant's Petition/Request Constitutes Permissible Pretrial Investigation.

As previously noted, the law "assumes that parties will continue their investigation for impeachment materials in preparation for trial." *Rice*, 164 F.R.D. at 557. Defendant's petition, which seeks both expert rebuttal and impeachment material for trial, constitutes a permissible part of defendant's pretrial investigation, and was submitted to the Fresno County Juvenile Delinquency Court on June 2, 2020, well in advance of the July 8, 2020, deadline for completion of expert discovery in this matter.

As a court in this District has noted, "a juvenile court has broad and exclusive authority to determine whether, and to what extent to grant access to confidential juvenile records." *A.G. 1 v. City of Fresno*, 2018 U.S. Dist. LEXIS 194337, *4-5 (E.D. Cal. 2018) (citing *R.S. v. Superior Court*, 172 Cal.App.4th at 1053-55).

"While the discovery deadline has expired and judgment has been entered in this action, the state juvenile court can be made aware of the precise status of the federal proceeding, and then determine whether there is sufficient good cause under the standards established for release of such records under state law." *A.G. 1 v. City of*

*Fresno*, 2018 U.S. Dist. LEXIS 194337, *5 (E.D. Cal. 2018).

Thus, whether the Court considers defendant's petition as a request for impeachment material, rebuttal material, or neither, it nevertheless remains a viable part defendant's pretrial investigation. As a court in this District has recognized, the juvenile court has the authority and insight to determine whether such records should be disclosed. And, such records, if disclosed, will be produced pursuant to the Court's protective order governing confidential documents in this matter [ECF No. 29.]

## 5. PLAINTIFF'S EX PARTE REQUEST TO SHORTEN TIME LACKS THE REQUIRED GOOD CAUSE.

Plaintiff Lopez requests to shorten the time for hearing of this motion for protective order to prevent the defendant from gaining access to Israel's juvenile court records. However, whether Israel's juvenile records are released is within the exclusive control of the juvenile court as discussed above, and thus plaintiff's argument for shortened time to determine this issue is without merit. Despite plaintiff's contentions, good cause does not exist to deviate from the normal motion practice procedures to resolve this issue. Therefore, the Court should avoid deviating from the appropriate procedures to resolve juvenile court record disclosure issues. Plaintiff provides no other reasoning to shorten time. This motion for protective order can and should be heard on a normal motion schedule, and the Court should disregard plaintiff's requests to prevent disclosure of Israel's records, and instead, the Court should allow defendant to use any records that the juvenile court decides to disclose for impeachment purposes and for rebuttal to plaintiffs' expert witnesses.

## 6. CONCLUSION

Defendant respectfully requests that the Court overrule plaintiff's Motion for Protective Order in its entirety on the aforementioned grounds and deny plaintiff's request to shorten time to resolve this issue.

/ / /

| | | |
|---|---|---|
| 1 | DATED: June 29, 2020 | **MANNING & KASS** |
| 2 | | **ELLROD, RAMIREZ, TRESTER LLP** |

By: _____/s/ *Mildred K. O'Linn*_____
      Mildred K. O'Linn, Esq.
      Tony M. Sain, Esq.
      Lynn L. Carpenter, Esq.
    Attorneys for Defendants,
    CITY OF FRESNO, JERRY DYER AND RAY VILLALVAZO

G:\docsdata\MKO\Murietta Golding 2254-58495\Pleadings\Filing\Opp.002.Defts' to Pltf Lopez' MPO re Juv File Docs.docx

16

Case No. 1;18-cv-00314-AWI SKO
**DEFENDANTS' OPPOSITION TO PLAINTIFF LOPEZ' MOTION FOR PROTECTIVE ORDER**