UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH MURRIETTA-GOLDING deceased through his successor in interest Christina Lopez, et al., <br><br> **Plaintiffs** <br><br> v. <br><br> **CITY OF FRESNO, CITY OF FRESNO POLICY CHIEF JERRY DYER, FRESNO POLICE SGT. RAY VILLALVAZO, and Does 1-10,** <br><br> **Defendants** | CASE NO. 1:18-CV-0314 AWI SKO <br><br> **ORDER ON DEFENDANT'S MOTION STAY AND PLAINTFFS' MOTION FOR CERTIFICATION OF APPEAL AS FRIVOLOUS** <br><br> (Doc. Nos. 86, 87) |

This case arises from a fatal encounter between decedent Isiah Murrietta-Golding ("Murrietta-Golding") and City of Fresno police officer Ray Villalvazo ("Villalvazo"). Plaintiffs Christina Lopez and Anthony Golding, both individually and purporting to be successors in interest to Murrietta-Golding, bring claims under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments, and state law claims for California Civil Code § 52.1 ("Bane Act"), negligence, and assault and battery. On October 15, 2020, the Court denied Villalvazo's motion for summary judgment, which included a denial of qualified immunity. On October 20, 2020, Villalvazo appealed the denial of qualified immunity to the Ninth Circuit. On November 12, 2020, after unsuccessful negotiations, the parties filed two related motions. Plaintiffs filed a motion to certify Villalvazo's appeal as frivolous (Doc. No. 87), and Villalvazo filed a motion to stay the case (Doc. No. 86). All briefing on these motions have been received. After review, the Court will grant Plaintiffs' motion and deny Villalvazo's motion.

*Plaintiffs' Arguments*

Plaintiffs argue that it is true that a legitimate appeal divests the court of jurisdiction over aspects of the case involved in the appeal. However, the state law claims in this case are separate from the federal claims being appealed, so the appeal does not divest the Court of jurisdiction to resolve those claims. Moreover, when a court certifies that an appeal is frivolous, the court may proceed to trial on the claims that are the subject of the appeal. Plaintiffs argue that Villalvazo's appeal is frivolous because qualified immunity was denied based on factual disputes. The Court's summary judgment order noted that the daycare videotape could be interpreted in more than one way, but ultimately interpreted the video in Plaintiffs' favor by holding that it depicted Murriatta-Golding as doing nothing more than trying to escape while keeping his baggy pants from falling down. Additionally, Plaintiffs argue that the appeal is frivolous because, accepting Plaintiffs' version of events, the law was clearly established that officers cannot use lethal force against a suspect like Murrietta-Golding who posed no danger to officers or others. Therefore, Plaintiffs contend that the Court should certify Villalvazo's appeal as frivolous and let the entirety of this case proceed.

*Defendant's Argument*

Defendants argue that, pursuant to *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992), the interlocutory appeal has divested the Court of jurisdiction while the appeal is pending. *Chuman*'s exception depends on the district court certifying that the appeal is frivolous. However, there has been no such finding. Defendants argue that they have consistently maintained that the facts are uncontroverted because they were captured on video, and to the extent that a dispute exists, have accepted Plaintiffs' version for purposes of summary judgment. Therefore, the *Chuman* stay divests the Court of all jurisdiction.

Alternatively, Defendants argue that a discretionary stay under *Landis v. North Am. Co.*, 299 U.S. 248 (1936) should be imposed. Plaintiffs' desire to proceed with additional discovery on the state law claims and trial flies in the face of judicial economy. If Plaintiffs are allowed to proceed to trial on their state law claims, but are ultimately successful on appeal, this will result in two trials arising out of the same nucleus of facts – one on state law claims and one on federal

2

1 claims. If Defendants are successful on appeal, then the Court will have undertaken a needless
2 trial on state supplemental claims that would have been better adjudicated in state court. Judicial
3 economy weighs in favor of a single trial on the merits and thus, favors a *Landis* stay.

4   *Legal Standard*

5   A defendant who is denied qualified immunity before trial may file an immediate
6 interlocutory appeal where the denial turns on an issue of law. Mitchell v. Forsyth, 472 U.S. 511,
7 530 (1985); Sharp v. County of Orange, 871 F.3d 901, 909 n.6 (9th Cir. 2017); Chuman v. Wright,
8 960 F.2d 104 (9th Cir. 1992). "The filing of a notice of appeal is an event of jurisdictional
9 significance – it confers jurisdiction on the court of appeals and divests the district court of its
10 control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer
11 Disc. Co., 459 U.S. 56, 58 (1982); see Rodriguez v. County of L.A., 891 F.3d 776, 790 (9th Cir.
12 2018); Chuman, 960 F.2d at 105. However, there is an exception to the divestiture rule in
13 qualified immunity cases. See Rodriguez, 891 F.3d at 790-91; Chuman, 960 F.2d at 105. If the
14 district court certifies in writing that the defendant's appeal of qualified immunity is frivolous or
15 has been waived, the district court is no longer divested of jurisdiction and the case may proceed
16 in the district court. See Rodriguez, 891 F.3d at 790-91; Chuman, 960 F.2d at 105. In the absence
17 of such a certification (sometimes called "*Chuman* certification"), the district court remains
18 automatically divested of its authority to proceed with trial pending appeal. See Rodriguez, 891
19 F.3d at 791; Chuman, 960 F.2d at 105. A qualified immunity appeal may be "frivolous" if the
20 denial of qualified immunity was based on the presence of a genuine issue of fact for trial. See
21 Rodriguez, 891 F.3d at 791; George v. Morris, 736 F.3d 829, 834 (9th Cir. 2013); Estate of
22 Farmer v. Las Vegas Metro. Police Dep't, 2019 U.S. Dist. LEXIS 99110, *8-*9 (D. Nev. June 13,
23 2019). An appeal may also be "frivolous" if the results are obvious. United States v. Kitsap
24 Physicians Serv., 314 F.3d 995, 1003 n.3 (9th Cir. 2002); Estate of Farmer, 2019 U.S. Dist.
25 LEXIS 99110 at *8-*9. A district court's certification that an interlocutory appeal is frivolous is
26 not an appealable order. Marks v. Clarke, 102 F.3d 1012, 1017 (9th Cir. 1997). Nevertheless, a
27 defendant who disagrees with the district court's certification may apply to the Ninth Circuit for a
28 discretionary stay. Id.; Chuman, 960 F.2d at 105 n.1.

*Discussion*[1]

There is no dispute that, pursuant to *Chuman* and *Rodriguez*, this Court has been divested of jurisdiction over Plaintiffs' Fourth Amendment claims. There are disputes about whether Villalvazo's appeal is frivolous and about the appropriateness of a discretionary *Landis* stay.

### 1. Frivolous Appeal

In denying Villalvazo's motion for summary judgment, the Court relied heavily on the videotape from the daycare. See Murrietta-Golding v. City of Fresno, 2020 U.S. Dist. LEXIS 192487, *24-*31 (E.D. Cal. Oct. 15, 2020). The video showed Murrietta-Golding fleeing and Villalvazo firing his weapon. See id. at *13-*15. The Court explained that there were at least two possible interpretations of the videotape, one in which Villalvazo reacted to a reasonably perceived immediate threat, the other in which Murrietta-Golding was merely running while trying to keep his baggy pants from falling down and thus, posing no threat. See id. at *24-*28. Because the Court was required to view the evidence in the light most favorable to the Plaintiffs, the Court concluded that the evidence showed that Murrietta-Golding posed no threat to Villalvazo. See id. at *31. This finding was key to resolving the summary judgment motion. The nature of the threat posed by a suspect to officers or others is the most important consideration in evaluating excessive force cases. See Nehad v. Browder, 929 F.3d 1125, 1132 (9th Cir. 2019). The summary judgment determination that Murrietta-Golding posed no threat to Villalvazo or others when lethal forced was used was what tipped the balance in Plaintiffs' favor and resulted in the denial of summary judgment and qualified immunity. See Murrietta-Golding, 2020 U.S. Dist. LEXIS 192847 at *38, *41-*42. The summary judgment recognized that the Ninth Circuit has explained that "few things in our case law are as clearly established as the principle that an officer may not 'seize an unarmed, nondangerous suspect by shooting him dead' in the absence of probable cause to believe that the [fleeing] suspect poses a threat of serious physical harm, either to officers or others." Torres v. City of Madera, 648 F.3d 1119, 1128 (9th Cir. 2011) (quoting Tennessee v. Garner, 471 U.S. 1, 10-12 (1985)). Additionally, the summary judgment order concluded that Villalvazo's

---

[1] The parties are familiar with facts of this case. An extensive recitation of the relevant facts can be found at *Murrietta-Golding v. City of Fresno*, 2020 U.S. Dist. LEXIS 192487 (E.D. Cal. Oct. 15, 2020).

version of events was essentially based on a mistake of fact, i.e. that Murrietta-Golding was drawing a weapon when he was actually only trying to hold up his pants. See Murrietta-Golding, 2020 U.S. Dist. LEXIS at 192847 at *31. Whether a mistaken belief was reasonable is a question of fact. See Nehad, 929 F.3d at 1133-34.

From the above, it is apparent that questions of fact precluded the Court from either granting qualified immunity or holding that no Fourth Amendment violation occurred. The questions of fact turn on interpretation of the videotape and the credibility of Villalvazo. As the order explained, the videotape can be viewed in at least two ways, one supportive of Villalvazo and one supportive of Plaintiffs. Because multiple inferences are possible, it is a question for the trier of fact to determine what exactly the video depicts and whether Villalvazo reasonably perceived that Murrietta-Golding posed an immediate threat of harm to himself or to others. See id.; see also Vos v. City of Newport Beach, 892 F.3d 1024, 1028, 1032 (9th Cir. 2018); Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2015) (recognizing that when the evidence lends itself to more than one reasonable inference, the trier of fact must ultimately determine how to view evidence); Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1175 (9th Cir. 2003) (same).

Defendants contend that there are no genuine factual disputes because of the videotape. However, simply because a videotape exists is not dispositive. "The mere existence of video footage of the incident does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from the footage." Vos, 892 F.3d at 1028; see also Blankenhorn v. City of Orange, 485 F.3d 463, 468 n.1 (9th Cir. 2007). Videotape footage is dispositive when it so utterly discredits or blatantly contradicts a party's version of events that only one reasonable inference can be drawn from the video. See Scott v. Harris, 550 U.S. 372, 378-80 (2007); Vos, 892 F.3d at 1028. The Court examined the video in this case and concluded that it does not so blatantly contradict either Plaintiffs or Villalvazo such that only one reasonable inference can be drawn.

Villlalvazo also contends that even if disputed facts are viewed in Plaintiffs' favor, he is entitled to qualified immunity. The Court cannot agree. The description of *Garner* in *Torres*, a 2011 case, is very clear: the law does not permit an officer to "seize an unarmed, nondangerous

5

suspect by shooting him dead in the absence of probable cause to believe that the [fleeing] suspect poses a threat of serious physical harm, either to officers or others." Torres, 648 F.3d at 1128 (citing Garner, 471 U.S. at 10-12. The facts viewed in Plaintiffs' favor are that Murrietta-Golding was fleeing, not looking at Villalvazo, and was only trying to hold up his baggy pants. That is, Murrietta-Golding posed no danger to anyone when lethal force was used.

In sum, because qualified immunity was denied because more than one reasonable inference was possible from the videotape, and the Plaintiffs' version of events shows a violation of clearly established Fourth Amendment law, the Court concludes that Villalvazo's appeal is "frivolous" for purposes of *Chuman*. See Rodriguez, 891 F.3d at 791; George, 736 F.3d at 834.

### 2.     *Landis* Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). Defendants contend that without a *Landis* stay, the Court will either have to conduct two trials (one for federal claims and one for state claims) or will have unnecessarily conducted a trial on state law claims that should have been conducted in state court.

The Court does not agree that two "complete" trials would result if Villalvazo's appeal is unsuccessful. This is because Plaintiffs' Fourth Amendment excessive force, Bane Act, and California battery claims against Villalvazo are based on the same conduct and depend on the unreasonable use of force by Villalvazo. See Moore v. City of Berkeley, 801 F. App'x 480, 483 (9th Cir. 2020); Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013); Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001); Estate of Adkins v. County of San Diego, 384 F.Supp.3d 1195, 1207 (S.D. Cal. 2019). A jury's reasonableness determination on a Bane Act or battery claim against Villalvazo would apply to the Fourth Amendment excessive force claim.[2] See id. Where there would be a possible difference would be a jury's finding on punitive damages. Under state law, malice, fraud, or oppression must be proven by clear and

---

[2] For this reason, the Court regularly refuses to instruct juries on Bane Act and battery claims when a Fourth Amendment excessive force claim is also pursued. Instead, the Court instructs juries on Fourth Amendment excessive force and deems the answers to those questions to be the answers to Bane Act and battery claims.

6

convincing evidence. See Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1135 (9th Cir. 2003). Under federal law, however, malice, fraud, or oppression need only be proven by the lower preponderance of the evidence standard. See Dang v. Cross, 422 F.3d 800, 808 (9th Cir. 2005). A jury's finding that Villalvazo did not act with malice, fraud, and oppression by clear and convincing evidence under California law does not answer the question of whether he acted with malice, fraud, or oppression by a preponderance of the evidence under federal law. Thus, if Villalvazo's appeal is unsuccessful, a more focused trial on the issue of punitive damages under federal law could be needed. While a second jury would not necessarily need to hear all of the evidence that the first jury heard in order to determine punitive damages, a significant degree of overlap between the two trials would occur. Generally, it is more advisable and efficient for a single jury to hear all of the evidence and decide all of the issues.

With respect to conducting trial on purely state law questions, that is a possibility. As a general proposition, the Court agrees that state law claims should be resolved in state court. Accordingly, this Court usually exercises its discretion under 28 U.S.C. § 1367(c)(3) and relevant Ninth Circuit case law to decline supplemental jurisdiction over state law claims when all federal claims have been disposed of prior to trial. E.g. Jack v. Pearson, 2019 U.S. Dist. LEXIS 6218, *29-*30 (E.D. Cal. January 13, 2019) (declining to exercise supplemental jurisdiction over state law claims after granting summary judgment on all federal claims). However, § 1367(c)(3) is not mandatory, and purely state law claims are regularly resolved in federal court through the exercise of diversity jurisdiction. Nevertheless, if the Ninth Circuit were to grant Villalvazo qualified immunity, there is a significant probability that the Court would decline supplemental jurisdiction under § 1367(c)(3) of Plaintiffs' state law claims.

Finally, although not raised by any party per se, the Eastern District of California has not been conducting jury trials since approximately February 2020 due to Covid 19 restrictions. This has resulted in the vacation of numerous trials and has created an extensive trial backlog. Even if the Court were to deny a stay, it is unknown when a trial could realistically be expected to be held. It is possible that the Covid 19 restrictions and case backlog could regrettably create a de facto stay, irrespective of the Court's resolution of this motion.

7

Given these considerations, the Court finds that the appropriate course is to permit discovery and settlement efforts to proceed. Regardless of how the Ninth Circuit rules on the issue of qualified immunity, the entirety of this case will not be resolved (particularly the negligence claim). Once the Ninth Circuit rules, presumably all necessary discovery will be completed, all realistic settlement efforts will have been exhausted, and the case will be ready to proceed to trial, be it in this Court or the Fresno County Superior Court. However, the Court will not set a trial date. Given the Covid 19 situation and corresponding courthouse restrictions, the possibility of substantial overlap between a "state law claims trial" and a "federal law claims trial," and the possibility of invoking § 1367(c)(3), the Court finds that there is little utility in setting a trial date <u>at this time</u>. Once any necessary outstanding discovery has been completed, and any voluntary settlement efforts exhausted,[3] the parties will be permitted to file a request for a trial date or a new motion to stay the case.[4] Depending on future developments, the Court will either set a trial date or stay this matter pending resolution of Villalvazo's appeal.[5]

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to certify that Defendant's qualified immunity appeal as frivolous (Doc. No. 87) is GRANTED;
2. The Court certifies that Defendant's qualified immunity appeal is frivolous;
3. Defendant's motion to stay (Doc. No. 86) is DENIED;
4. The parties may conduct any necessary discovery or voluntary settlement efforts, but, as explained above, no trial date will be set at this time;

---

[3] The Court is not ordering the parties to engage in settlement efforts. Settlement remains a voluntary endeavor for both Plaintiffs and Villalvazo. A party's steadfast refusal to engage in settlement negotiations would constitute exhaustion.

[4] Any request for a new trial date shall include proposed trial dates. The parties are to meet and confer in order to propose mutually agreeable trial dates. The Court will not view a mutually agreeable trial date as a concession that a trial date should be set. A party that agrees that a proposed trial date is otherwise available may still move to stay the case.

[5] If a trial date is set, it is possible that other trials may be set on that date. In such circumstances, the Court gives priority to the oldest case.

5. Upon completion of any remaining necessary discovery, and the exhaustion of any voluntary settlement efforts, the parties shall petition the Court for a trial setting or file a renewed motion to stay.

IT IS SO ORDERED.

Dated: ___December 31, 2020___  _____
SENIOR DISTRICT JUDGE

9